*Margolin & Pierce, LLP*
*Attorneys at Law*
*P.O. Box 2185*
*Bridgehampton, NY 11932*

*Philip Pierce*
*Errol F. Margolin*

*Tara R. Dennis*
*Associate*
*Ph: 917-783-5934*
*Fax: 212-202-7872*

February 23, 2023

<u>**Via ECF**</u>
Hon. Eric N. Vitaliano
United States District Court,
  Eastern District of New York
225 Cadman Plz, East
Brooklyn, NY 11201

Re:     **Runway Towing Corp. Inc., v. The New York City Department of**
        **Consumer and Worker Protection**
        <u>**1:23-CV 1095**</u>

Your Honor:

 I am the attorney for Plaintiff, Runway Towing Corp. Inc., in the above referenced matter.

I am writing to address Defendant's opposition to Runway Towing Corp. Inc.'s ("Runway") request for a preliminary injunction enjoining the Defendant during the pendency of this action from terminating Runway's operating license and permitting Runway to operate its business during the pendency of this action.

The New York City Department of Consumer and Worker Protection ("DCWP") contends that in light of the previous Article 78 proceeding, initiated by Runway, Runway is not likely to succeed on the merits because the doctrine of collateral estoppel bars review.

The issues raised in the Article 78 proceeding are not identical to those before this court. In the Article 78 proceeding, Plaintiff challenged the DCWP's denial of Plaintiff's application to renew its tow truck license as an abuse of discretion under CPLR § 7803 (3) and the only questions that may be raised in a proceeding under this Article are (i) whether a determination was made in violation of lawful procedure, (ii) was affected by an error of law or was arbitrary and capricious or an abuse of discretion, or (iii) including abuse of discretion as to the measure or mode of penalty imposed. Runway sought relief annulling and vacating DCWP's determination denying Runway's renewal license because it did not comport with the New York Administrative Code (Adm. Code) § 20.504, and that relief was initially granted in the Article 78 proceeding. Attached as **Exhibit A** is a copy of the verified petition in the Article 78 proceeding.

In the Article 78 proceeding, DCWP urged the court that its determination of non-renewal cannot be challenged and that it is free to act as judge and jury under Adm. Code § 20.504, Renewal, Suspension and Revocation of Licenses, "after due notice and opportunity to be heard, the commissioner may refused to renew any license required under this subchapter and may suspend or revoke any such license if… the person holding a license has been found by the commissioner to have violated any provisions of this subchapter" and no hearing is required.

In this case, Plaintiff is challenging the procedure used to deprive Runway of its property in that it was done without due process required under the United State Constitution. At its most basic, DCWP acted as judge and jury in deciding without any hearing afforded Runway, not to renew its tow operating license, effectively putting it out of business.

Regardless of compliance or non-compliance with a State statute (Adm Code), a party acting under color of law will still be responsible for violating federal constitutional rights. United States Constitution, Article V1 § 2 see also NY Constitution Article 1 § 6. Plaintiff was entitled to due notice and an opportunity to be heard before an administrative judge at the New York City Office of Administrative Trials and Hearings, ("OATH"). Those rights were not decided in the Article 78 proceeding.

DCWP maintains this complaint is barred by the doctrine of collateral estoppel and that Plaintiff has actually litigated the constitutional claims set forth in the prior state court proceeding and such claims were decided against Plaintiff, *citing* Schwartz v. Public Adm of Bronx, 24 N.Y.2d 65, 71; 298 N.Y.S.2d 955 (1969). The prior proceeding determined Plaintiff's rights comported with the rights set forth in the Adm. Code, not its constitutional rights. Moreover, the doctrine of collateral estoppel is based on concepts of fairness and should not be rigidly or mechanically applied. D'Arata, et al v. New York Central Mutual Fire Ins. Co, 76 NY.2d 659, 664; 563 N.Y.S.2d 24 (1990), collateral estoppel is an elastic doctrine and should not be rigidly applied.

The burden of proving whether an issue raised and necessarily decided in a previous proceeding is identical to one before the Court rests squarely on the party moving for preclusion. Sullivan v. Gagnier, 225 F.3d at 166 (2000).

As the issues in this case are not identical and the DCWP's policy for non-renewal fundamentally deprives the Plaintiff of its constitutional rights, Plaintiff is likely to succeed on the merits. Plaintiff 's application for a preliminary injunction should be granted.

Thank you for your consideration in this matter.

Respectfully submitted,

*Errol F. Margolin*

Errol F. Margolin, Esq.

cc.     **<u>Via ECF</u>**
        Kerri A. Devine
        Counsel for DCWP