```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RUNWAY TOWING CORP. INC.,                  :
                                           :
                          Plaintiff,       :
                                           :          MEMORANDUM & ORDER
             -against-                     :
                                           :          23-CV-1095 (ENV) (PK)
THE NEW YORK DEPARTMENT OF                 :
CONSUMER AND WORKER PROTECTION,            :
                                           :
                          Defendant.       :
------------------------------------------------------------ x
```

VITALIANO, D.J.

On February 10, 2023, plaintiff Runway Towing Corp. Inc. ("Runway") filed this action alleging that it had suffered violations of the United States Constitution, as well as the New York State Constitution, because defendant New York City Department of Consumer and Worker Protection ("DCWP") denied its application to renew its towing and storage license without providing it due notice and an evidentiary hearing. Compl., Dkt. 1, ¶ 32. Shortly thereafter, Runway moved, by order to show cause, for a temporary restraining order and preliminary injunction (collectively, "injunctive relief") against DCWP. Order to Show Cause, Dkt. 8.

With authority to operate its vehicle towing business now set to expire on March 28, 2023, Runway seeks orders barring DCWP, both during the pendency of this action and permanently, from terminating and/or refusing to renew its license to operate its vehicle towing business on the streets of New York City without an evidentiary hearing. Def.'s Letter, Dkt. 19. The Court heard argument on Runway's motion on March 1, 2023. For the reasons set forth below, Runway's motion for injunctive relief is denied, and the complaint is dismissed.

## Background

The following facts are undisputed. Runway is a towing and storing company that

services, among other places, arterial highways in New York City. Pritsinivelos Aff., Dkt. 8-1, ¶¶ 2–6. In order to operate, Runway must have a valid towing license from DCWP. Pritsinivelos Aff., ¶ 7, Def.'s Opp. Mem., Dkt. 13, at 2. On or around January 17, 2020, DCWP issued a subpoena seeking records from Runway. Compl. ¶ 9; Pritsinivelos Aff. ¶ 8. At the time, Runway's operating license was set to expire on April 30, 2020. Compl. ¶ 11. On or around April 17, 2020, Runway submitted a license renewal application to DCWP and paid a $26,000 application fee. Compl. ¶ 11. On approximately August 12, 2020, DCWP sent Runway a letter of intent to deny its renewal application, due to Runway's alleged violations of New York City Administrative Code § 20.504(a) and § 20.504.1(b). Compl. ¶ 12. The Notice of Intent to Deny notified Runway that it could provide a written response within 15 days of the date of the Notice. Order to Show Cause Ex. E, Dkt. 8-7, at 13. Runway responded with a company chart and "Courtesy Tow Receipts" documentation. Compl. ¶ 13. In January 2021, DCWP issued its final determination denying the renewal application. Pritsinivelos Aff. ¶ 10; Compl. ¶ 17.

Seeking judicial review, Runway initiated an Article 78 proceeding in New York County Supreme Court, which vacated the denial of the renewal application, and remanded the case to DCWP for assessment of a penalty instead. Devine Dec. Ex. C., Dkt. 14-1, ¶ 3. DCWP appealed, and the Appellate Division, First Department reversed and reinstated DCWP's order denying Runway's license renewal application. *Id.* Runway has moved to reargue the Appellate Division's decision, or, in the alternative, for leave to appeal. *Id.* ¶ 4. While the motion is pending, the state litigation has been stayed by the First Department. *Id.* DCWP has indicated that it intends to continue granting temporary operating letters to Runway while the stay is in effect. *Id.* ¶ 5.

Legal Standard

"A preliminary injunction is an extraordinary measure that should not be routinely granted." *Clonus Assocs. v. DreamWorks, LLC*, 417 F. Supp. 2d 248, 250 (S.D.N.Y. 2005). Whether to grant or deny a preliminary injunction lies within the sound discretion of the district court. *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 339, 344 (S.D.N.Y. 2008); *see also Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). Regardless how characterized, it is well-settled in the Second Circuit that a "party seeking a preliminary injunction must demonstrate '(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.'" *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quoting *Merkos L'inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)). The standard for granting a temporary restraining order is identical to the standard governing preliminary injunctions. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002).

Discussion

Since irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction" in this Circuit, the Court considers this question first. *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). Irreparable harm has been defined as "injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate compensation.'" *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (quoting *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).

Given this framework, the standard controlling Runway's application for preliminary injunctive relief weighs against a finding of irreparable harm, notwithstanding Runway's attestation that if DCWP fails to renew Runway's license, Runway may be forced to close its doors, as it cannot operate without a license. Pritsinivelos Aff. ¶ 12. Certainly, the Second Circuit has, at times, found irreparable harm where a party is threatened with the total loss of a business. *Roso–Lino Beverage Distribs., Inc. v. Coca–Cola Bottling Co.*, 749 F.2d 124, 125–26 (2d Cir. 1984) (per curiam); *Padberg v. McGrath-McKechnie*, 108 F. Supp. 2d 177, 183 (E.D.N.Y. 2000) ("deprivation of his [taxi] license imminently threatens his continued subsistence"). However, Runway is not in danger of losing its means of subsistence; DCWP has agreed to allow Runway to continue operating while the state court proceedings are stayed. Def.'s Response Mem. at 2 n. 2. Bluntly, the grant of preliminary injunctive relief in this action would essentially grant Runway nothing more than it already has – the right to operate its business – and, as a result, Runway has not shown the irreparable harm necessary for the grant of preliminary injunctive relief.[1]

More importantly in the long run, Runway has also failed to demonstrate a sufficient likelihood of success on the merits. Defendant has raised the hurdles of claim and issue preclusion, which Runway cannot totally surmount. Strictly speaking, for example, because damages are not available in an Article 78 proceeding, plaintiff is not barred by the doctrine of claim preclusion from bringing a § 1983 claim for damages in federal court, even if it does so

---

[1] Runway has since reported that it has lost contracts for towing services for John F. Kennedy and LaGuardia Airports, allegedly because it no longer has a two-year operating contract. Pl.'s Letter, Dkt. 17. The termination letters from the Port Authority submitted by plaintiff, however, state that the Port Authority terminated the contracts "without cause," but without providing details on the reason for termination. *Id.* In any event, even if DCWP was liable for the loss of this business, the harm would not be irreparable, as damages could remedy the loss. *Tom Doherty Assocs.*, 60 F.3d at 37.

based on the same underlying facts involved in a prior Article 78 proceeding. *Davidson v. Capuano*, 792 F.2d 275, 282 (2d Cir. 1986). So, insofar as Runway now pursues a § 1983 claim for damages, it is not claim precluded from doing so. But, as dim as it is, that is the only glimmer of light in an otherwise pitch black skyscape.

Lurking in that darkness is the doctrine of issue preclusion. Issue preclusion applies where "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *In re PCH Assocs.*, 949 F.2d 585, 593 (2d Cir. 1991).

Indeed, the most critical legal issue raised by Runway in pursuit of the constitutional claims it makes in this action is identical to the one it raised in pursuit of its constitutional claims in the state court action, namely, whether Runway had a property interest in its expired DCWP license and was, therefore, entitled to a due process hearing. That issue was not only specifically raised and decided in the state court litigation, it was also necessary to deciding whether DCWP acted arbitrarily or unlawfully in denying Runway's license renewal without an evidentiary hearing. Plainly, in its Article 78 petition, Runway alleges squarely that DCWP's decision not to renew its license to tow in New York City deprived it of its property without due process. Pl.'s Art. 78 Pet., Dkt. 14-1, at 5, 9. Even more significantly, Runway's petition and argument make clear that Runway intended and presented to the Article 78 court its claim that DCWP's decision not to renew its license without an evidentiary hearing deprived it of its right to due process as guaranteed by the 14th Amendment to the United States Constitution. Pl.'s Art. 78 Mem., Dkt. 14-2, at 4, 5, 14.

The contention did not go unnoticed. Picking up but rejecting Runway's constitutional

5

arguments, the Article 78 court found that, despite DCWP's denial of an evidentiary hearing, "appropriate due process was afforded petitioner." *Runway Towing Corp. Inc. v. New York City Dep't of Consumer & Worker Prot.*, No. 152746/2021 (Sup. Ct. N.Y. Cnty. Aug. 20, 2021) (quoting *Testwell, Inc. v. N.Y.C. Dep't of Bldgs.*, 80 App. Div. 3d 266, 273–74, 913 N.Y.S. 2d 53 (1st Dep't 2010) ("there is no property interest in the renewal of an expired license and no constitutional due process right to a hearing")).[2] Even though, as mentioned earlier, the relief granted Runway by the Article 78 court on other grounds was reversed, the Article 78 court's determination that Runway lacked a protected property right in its license or derivative due process right to an evidentiary hearing was not. It was a finding and conclusion left undisturbed by the Appellate Division. In fact, the First Department, also citing *Testwell*, held, with crystal clarity, that "Runway's due process arguments fail." *Runway Towing Corp. v. New York City Dep't of Consumer & Worker Prot.*, 211 App. Div. 3d 621, 622, 178 N.Y.S. 3d 708, 709 (1st Dep't 2022).

Although Runway maintains here that it litigated only its due process rights under the New York City Administrative Code in its Article 78 proceeding, the record is quite clearly to the contrary. Pl.'s Reply Mem., Dkt. 15, at 1–2. As discussed earlier, Runway foursquare argued in Supreme Court that DCWP's denial of its application to renew its operating license deprived it of its 14th Amendment right to due process since it was not afforded a hearing. Pl.'s

---

[2] Even if the roadblock erected by the doctrine of issue preclusion were to be lifted, the holdings in *Testwell* and similar federal cases make plain that Runway's due process argument has no realistic likelihood of success. When agencies hold the discretion over renewal of an existing license, applicants for renewal can claim no entitlement to a renewed license, and therefore have no cognizable property interest creating a right to procedural due process. *Ace Partners LLC v. Town of East Hartford*, 883 F.3d 190, 195 (2d Cir. 2018); *Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 245 (E.D.N.Y. 2021); *New York State Pro. Process Servers Ass'n, Inc. v. City of New York*, No. 14-CV-1266, 2014 WL 4160127, at *8 (S.D.N.Y. Aug. 18, 2014).

Art. 78 Mem. at 4, 5, 14. Furthermore, given the congruency of the protections afforded by the Administrative Code, the New York State Constitution and the 14th Amendment, it likely would have made no difference even had Runway not specifically invoked the 14th Amendment in its argument to the Article 78 court. Simply put, Runway has already litigated the claim it advances against DCWP here, and it lost. It effectively seeks only a second bite at this apple. *See Miller v. City of New York*, No. 17-CV-4198, 2019 WL 2164100, at *2 (E.D.N.Y. May 10, 2019).

At any rate, if not barred by issue preclusion, had Runway gotten that second bite, given the precedents, see *supra* note 2, that bite would be just as sour as the first. In short, Runway's loss on its core essential claim that it had a constitutionally protected property right in its expired operating license puts an end to this litigation. Without a protected property right, there is no due process right to an evidentiary hearing and the deprivation of such a hearing cannot violate the 14th Amendment.[3] As a consequence, there is no likelihood of success nor constitutional harm, irreparable or otherwise, no entitlement to a temporary restraining order, injunctive or declaratory relief, or damages attendant to a claim for deprivation of constitutional right to procedural due process.[4]

---

[3] Runway's failure to establish a property right in its license also defeats its attempts at pleading a takings claim. It also defeats any such similar claims under the New York State Constitution, whose due process guarantee is considered coextensive with that of the United States Constitution. *Oneida Indian Nation of New York v. Madison Cnty.*, 665 F.3d 408, 427 n. 13 (2d Cir. 2011).

[4] Defendant also asserts that *Younger* abstention applies. *Younger v. Harris*, 401 U.S. 37, 38, 91 S. Ct. 746, 747, 27 L. Ed. 2d 669 (1971). At this point, the argument is academic.

Conclusion

For the foregoing reasons, plaintiff's motion for injunctive relief is denied and the complaint is dismissed. The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
March 14, 2023

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge